UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HEATHER ROWE,<br><br>    Plaintiff<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br>DEBORAH WEAVER, and<br>THE SECRETARY OF THE TREASURY<br><br>    Defendants | Civil No. 06-27-P-S |

## *RECOMMENDED DECISION ON MOTION TO DISMISS*

Heather Rowe filed an action against the Internal Revenue Service (IRS), Deborah Weaver (an IRS employee in South Portland, Maine), and the Secretary of the Treasury complaining of IRS efforts to collect taxes from her. The defendants removed the action to this Court and have moved to have the complaint dismissed (Docket No. 9). I recommend that the Court grant this motion.

### *Discussion*

#### *Rowe's Complaint*

In her complaint Rowe indicates that in December 2004 she started to receive correspondence from the IRS regarding her 2002 tax obligations. Rowe responded by sending a letter to no less than ten agencies/offices and "requested thirteen articles of documentation" relating to the IRS's demand that she file this return. She received no response. Rowe received a notice of deficiency in April 2005. On May 5, 2005, she

received from the IRS a tax return that was "fabricated with bogus and obviously erroneous information." Rowe responded by sending a letter to fifteen offices/agencies that stated that Rowe could not "agree to the fictitious dummy return." On June 21, 2005, Deborah Weaver "filed an illegal tax lien" against Rowe's property. Rowe filed an official complaint against Weaver and sent it to twelve offices. In this missive Rowe again asked for thirteen articles of documentation. Again, Rowe received no response. Rowe states that she then sent Weaver a letter requesting proof of Weaver's authority and documents and Weaver did not respond. She then sent Weaver a Freedom of Information Act request which Weaver forwarded to the IRS disclosure office.

      Rowe complains that Weaver and the IRS have been utterly intransigent apropos Rowe's requests despite Rowe's many letters to many agencies. Rowe states: "The IRS has harmed me, and continues to harm with its continued harassment of me, and the people I do business with." (Compl. at 2.) The defendants, Rowe complains, have "failed to demonstrate that I am a party to any social compact or contract." (Id.) Rowe believes that the IRS has no jurisdiction over her or her property. She argues that she is "not found within the territorial limited jurisdiction of the US, its Congress or Executive branch and has no Federal tax liability or duty and thus no State of Maine income tax liability or duty and is exempt." She describes herself as a "sovereign Citizen of the State of Maine, "*not* a U.S. Citizen as described in 26 U.S.C. 865(g)(1)(A), a 'resident of the U.S.'" (Compl. at 3.)

      With respect to her remedies, Rowe wants to "be left alone as a matter of Right" (id. at 4); she wants a determination that any action or determination by the IRS is void for want of jurisdiction; she wants the IRS to remove all illegal liens and levies from her

property and have it desist in attempts to seize property without a court order; she wants a recoupment of erroneously collected taxes; and a she seeks a declaration that she has no duty to file taxes in the future.

*The Defendants' Motion to Dismiss*

The defendants' motion to dismiss argues four reasons for dismissal.  First they claim that Rowe can not proceed with this suit in light of their assertion of sovereign immunity.  Second, they argue that, to the extent Rowe seeks injunctive relief, she cannot maintain this action due to the Anti-Injunction Act.  Third, they contend that the Court lacks jurisdiction to enter a declaratory judgment in view of the Declaratory Judgment Act.  And, fourth, they urge that Rowe's complaint fails to state a claim upon which relief can be granted.

With respect to this fourth ground for dismissal, premised on Federal Rule of Civil Procedure 12(b)(6), the defendants observe:

> There is no requirement for the United States, or the IRS, to get a court order before it can assess a tax, file a lien, or begin collection actions. The Internal Revenue Code sets forth the procedures for assessing taxes, filing liens, and collecting taxes. Rowe has not alleged that the IRS failed to follow any procedure mandated by statute. Rowe asserts only that the IRS has no jurisdiction over her because she is not a citizen of the United States. Plaintiff admits, however, that she is a citizen of Maine. Despite Rowe's attempt to avoid federal income tax liabilities, if Rowe is a citizen of Maine, she is a citizen of the United States. And, even citizenship is not a prerequisite for tax liability as the internal revenue laws apply not only to citizens, but also to residents. See, e.g., Treas. Reg. § 1.1-1(a)(1) " . . . the code imposes an income tax on the income of every individual who is a citizen or resident of the Untied States. . . ." See Dennis v. United States, 660 F. Supp. 870, 875 (C.D. Ill. 1987) (challenge to taxing authority of the Untied States is "fallacious," as it is "well established" that it extends to all residents and citizens, citing § 1.1-1(a)(1)).

(Mot. Dismiss at 6-7) (footnote omitted).

*Rowe's Response to the Motion to Dismiss*

In her response to the motion to dismiss Rowe reiterates the major thesis of her complaint: that she is not subject to taxation by the IRS. She asserts that she is barred from bringing suit in tax court because she is not a "tax payer" in that she is not subject to any Internal Revenue tax. (Resp. Mot. Dismiss at 2.) She expounds:

> No remedy I seek in any way impedes the federal government, the IRS or Deborah Weaver from pursuing the collection of taxes from me, or the assessment of taxes against me through normal legal channels. It does not represent any restrictions on their legal, lawful authority to assess and collect taxes. I will pay all taxes I am liable to pay.
> I am not calling into question any specific provision of the Internal Revenue Code. I do not seek a ruling under the Internal Revenue laws. The IRC is Constitutional when applied fairly, legally and lawfully.
> This complaint is about the violation of my Constitutional Rights, and denial of the due process of the law, and the legal jurisdiction of the Internal Revenue Service and it[]s authority to institute liens, levies, and seizures outside of its jurisdiction. The Internal Revenue Service is acting outside of its jurisdiction and authority. It has acted improperly and there has been misconduct.

(Id. at 5.) She asserts that being a citizen of the State of Maine "does not automatically make [her] a U.S. Citizen as defined by the IRC." (Id. at 7.) In her addendum to this motion, as applicable to her statement of claim, Rowe contends that she has "never willingly and knowingly entered into any contract with the United States, the Internal Revenue Service, or the Secretary of the Treasury." (Addendum at 1.)

*Rowe's Complaint Fails to State a Claim*

Rowe concedes that there is adequate due process for United States taxpayers to challenge their federal tax obligations; her claim rises or falls on her contention that she is not a "tax payer" because of her status as a sovereign citizen. Rowe is not the first litigant to advance a claim of sovereign citizenship when faced with federal tax liability. I

am not to be the first jurist to conclude that the theory is frivolous and cannot support a constitutional claim (or defense). See, e.g., United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (describing such a contention as "a 'shop warn' argument of the tax protester movement"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir.1992) (describing the argument as "completely without merit, patently frivolous"); Young v. Internal Revenue Service, 596 F.Supp. 141, 149 (D.C.Ind.1984) (describing a similar theory as "preposterous").

*Conclusion*

For the reasons stated above I recommend that the Court **GRANT** the defendants' motion to dismiss (Docket No. 9) on the grounds that it does not state a claim.[1]

**Notice**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

May 9, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[1] If this Court disagrees with this conclusion the defendants would be entitled to consideration of its three other grounds for dismissal.